UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Antonio Depries Arnold,<br><br>　　　　　Defendant. | Case No. 25-cr-370 (LMP/SGE)<br><br>**PRETRIAL SCHEDULING AND CASE MANAGEMENT ORDER** |

A grand jury of this District returned an indictment in this case on October 2, 2025. (Dkt. 1.) The Defendant, Antonio Depries Arnold, was arraigned before Magistrate Judge Foster on October 8, 2025. Defendant was present in court with counsel. The United States of America ("the Government") was represented by Assistant United States Attorney Matt Forbes.

**I.    DUE PROCESS PROTECTIONS ACT**

Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the Defendant all exculpatory evidence—that is, evidence that favors the Defendant or casts doubt on the United States' case, as required by *Brady v. Maryland,* 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150, 153-55 (1972), and its progeny, and **ORDERS** the United States to disclose all such evidence. Failure to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings,

disciplinary action, or sanctions by the Court.

## II.     STATUS CONFERENCE

A status conference will be held by Magistrate Judge Shannon G. Elkins on **October 29, 2025**, at **11:00 a.m.**, in Courtroom 9E, Diana E. Murphy United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota. Defendant must be in attendance and the parties should be prepared to discuss the contents of this Order, including any proposed amendments to deadlines, and any and all discovery and motion issues. The Court anticipates this conference will last no more than thirty minutes unless more time is requested by either party. If the parties agree that the status conference is unnecessary, they may email the Court at Elkins_Chambers@mnd.uscourt.gov requesting the status conference be cancelled.  If, however, the Defendant seeks an extension of any deadlines, the parties must meet and confer and the Defendant shall submit a short motion seeking a continuance, along with the Defendant's signed statement of facts excluding the commensurate time from the Speedy Trial Act calculation and the Government's position on the requested extension.

## III.    SCHEDULING AND DISCOVERY RELATED MOTIONS

Pursuant to Local Rule 12.1, the Court enters the following Order regarding scheduling and discovery. This Order is designed to eliminate the need for the filing of "routine" non-dispositive discovery motions. However, either party may file additional non-dispositive motions if counsel deems the motion to be appropriate and non-duplicative of this Order: Any non-dispositive motions must be filed and served on or

before **October 29, 2025**. All responses to motions must be filed by **November 12, 2025**.

    **A. Rule 16 Discovery.** A motion is not required for discovery under Federal Rule of Criminal Procedure 16. Section (a) of that Rule requires the United States to provide discovery upon a defendant's request, not upon a motion or upon a court's order. Likewise, Rule 16(b) requires the defense in a criminal case to provide reciprocal discovery if the United States complies with defense discovery requests. The Court expects the parties to provide discovery promptly and without a court order, in compliance with Local Rule 12.1(a). The United States must make all disclosures required by Federal Rule of Criminal Procedure 16(a) by **October 15, 2025**. D. Minn. LR 12.1(a)(1). The defense must make all disclosures required by Federal Rule of Criminal Procedure 16(b) by **October 22, 2025**. D. Minn. LR 12.1(a)(2).

    **B. Disclosure of *Brady/Giglio* Materials.** The United States must comply with its constitutional obligation to disclose any information known to it that is material to guilt or punishment, whether this information is requested or not. *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

    **C. Preservation of Rough Notes.** The United States is ordered to instruct agents and law enforcement officers that participated in the investigation to preserve their rough notes relevant to the investigation. If at a later date discoverability of those notes becomes an issue, the Court will rule on the issue at that time.

**D. Early Disclosure of Jencks Act Material.** The Court cannot require the parties to disclose witness statements before a witness testifies at a trial or hearing. The Jencks Act provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500. However, to avoid unnecessary delay of a hearing or trial, the Court urges the parties to voluntarily disclose witness statements at least one week before any hearing or trial. This paragraph does not alter the Government's obligations with respect to material required to be disclosed by *Brady*, *supra*, and its progeny.

**E. Notice and Disclosure of Rule 404(b) Evidence.** No later than 21 days before the commencement of trial, the Government shall disclose Rule 404(b) evidence of crimes or acts which are not inextricably intertwined with the charged crime. *See Buchanan v. United States*, 714 F.3d 1046, 1048 (8th Cir. 2013). To the extent the Government becomes aware of additional Rule 404(b) evidence after that disclosure, it shall promptly disclose that evidence. Nothing in this Order requires the Government to produce evidence regarding acts which are intrinsic to the charged offense. However, if the Government believes that evidence at issue might be "intrinsic" to the charged offenses but recognizes that it may present a close call as to whether it is covered by Rule 404(b), the Government should include such information in the notice required by this Order so that its admissibility can be addressed ahead of trial, if needed.

F.  **Notice of Defenses Under Rule 12.** A motion is not required in order for the defense in a criminal case to be required to give the United States advance notice of the affirmative defenses of Alibi (Rule 12.1), Insanity/Mental Illness (Rule 12.2) and Public Authority (Rule 12.3). Upon request by the United States, the defendant shall provide such notices within fourteen days of the request.

G.  **Newly Discovered Information.** Each party has a continuing duty to disclose to opposing counsel all newly discovered information or other material within the scope of this Order.

H.  **Expert Witnesses.** The parties must disclose the identity of any expert witness and make all expert disclosures required by Federal Rule of Criminal Procedure 16 no later than <u>28 days before trial</u>. The parties must disclose the identity of any expert who will testify in rebuttal of an expert witness and make all disclosures as to such expert required by Federal Rule of Criminal Procedure 16 no later than <u>14 days before trial</u>.

I.  **Informants.** Consistent with *Roviaro v. United States*, 353 U.S. 53 (1957), *United States v. Padilla*, 869 F.2d 372 (8th Cir. 1989), and their progeny, the Government shall disclose the identity of any informant who was a material witness to

the charged conduct and make any such informant available no later than 10 days ahead of any trial in this matter.

**J. Motions Relating to Trial Proceedings.** Any trial-related motions (for example, motions *in limine* or motions to participate in voir dire) must be made at the appropriate time to the district court judge assigned to the trial.

## IV.  SUPPRESSION AND DISPOSITIVE MOTIONS

**A. Deadlines for Filing.** All dispositive motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **October 29, 2025**. D. Minn. LR 12.1(c)(1). All motions must be accompanied by a meet and confer statement that is signed by the attorney filing the motion. The parties must meet and confer in a good faith attempt to narrow the issues presented by the motion, and to ensure that both parties are aware what witnesses and evidence they potentially will need at a motions hearing. *See* D. Minn. LR 12.1(b).

**B. Requirements of the Suppression Motions Filed.** If the Defendant files a motion to suppress, the motion must detail the facts and circumstances supporting suppression. Fed. R. Crim. P. 47(b) ("A motion must state the grounds on which it is based . . . ."); *United States v. Quiroz*, 57 F. Supp. 2d 805, 822-23 (D. Minn. 1999) (denying "boilerplate" motion to suppress for failure to state "specific legal and factual grounds," among other things), *aff'd sub nom. United States v. Vasquez*, 213 F.3d 425 (8th Cir. 2000). To the extent necessary, a Defendant "asserting Fourth Amendment rights must demonstrate that he [he/she] personally has an expectation of privacy in the

place searched, and that [his/her] expectation is reasonable." *United States v. Russell*, 847 F.3d 616, 618 (8th Cir. 2017) (quotations omitted). Conclusory statements made based upon evidence to be adduced at the motions hearing are not sufficient to provide the Court and opposing counsel notice of the issues. Any motion to suppress not meeting these standards may, in the Magistrate Judge's discretion, be recommended for dismissal for lack of specificity, or may be returned to the filing attorney with a direction to cure, within a specified time, particular shortcomings identified by the Magistrate Judge.

**C. The Meet and Confer Requirements Prior to Filing Suppression and Dispositive Motions.** Prior to filing a suppression motion, the parties must meet and confer in good faith pursuant to L.R. 12.1. The meet and confer process must be conducted either in person or by telephonic or similar means. The meet and confer statement filed with the Court must state the date, time, manner (in person or telephonic), and outcome of the meet and confer process.

**If there is no need for a motions hearing, either because no motions were filed, or for any other reason, counsel must electronically file a letter saying so on or before the motions filing deadline.**

## V.    THE MOTION HEARING

If required, the motions hearing shall be heard before Magistrate Judge Shannon G. Elkins on **November 19, 2025**, at **2:00 p.m.**, in Courtroom 9E, Diana E. Murphy United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota. D. Minn. LR 12.1(d).

If a motions hearing is being held, the parties must file a Notice of Intent to Call Witnesses by **November 12, 2025**. Any Responsive Notice of Intent to Call Witnesses must be filed by **November 17, 2025**. This notice must include information sufficient to identify all witnesses, as well as estimated amount of time for each witness's expected testimony. To avoid the need for a recess of the motions hearing, the United States is requested to make all disclosures required by Fed. R. Crim. P. 26.2 and 12(h) at least three days prior to the hearing.

The Court may schedule an evidentiary hearing based on the pleadings. Nothing in this Order shall preclude the Court from setting oral argument on any motion to assist the Court in administering justice or if requested by either party in its motion, objection, or responsive pleadings.

## VI.  TRIAL

**IF NO PRETRIAL MOTIONS ARE FILED BY THE DEFENDANT,** Judge Provinzino's typical practice is to schedule a status conference around the time any final order on suppression or other motions issues.  The parties will receive the dates relating to trial at the status conference or by separate order.

Absent direction otherwise in an order, counsel should file trial briefs, voir dire, proposed jury instructions, and trial-related motions (including motions in limine) one week before trial. Counsel is encouraged to submit joint proposed jury instructions, identifying any disagreements in the submitted draft. In addition, counsel should email

the proposed jury instructions and proposed exhibit and witness lists to provinzino_chambers@mnd.uscourts.gov one week before trial.

Absent direction otherwise in an order, Judge Provinzino will hold a final pretrial conference on the Thursday before trial in Courtroom 3A; Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota. The time will be established at the status conference or by separate order.

Trial will commence before Judge Provinzino at a date to be determined in Courtroom 3C; Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota. The time will be established at the status conference or by separate order.

**IF PRETRIAL MOTIONS ARE FILED,** the trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for **District Judge Provinzino** to confirm the new trial date.

Dated:  October 8, 2025            *s/Shannon G. Elkins*
                                    SHANNON G. ELKINS
                                    United States Magistrate Judge