UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 25-cr-370 (LMP/SGE)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) GOVERNMENT'S RESPONSE IN ) OPPOSITION TO DEFENSE MOTIONS ) |
| ANTONIO DEPRIES ARNOLD, | ) ) |
| Defendant. | ) |

COMES NOW the United States of America, by and through its undersigned attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Thomas M. Hollenhorst, Assistant United States Attorney, and responds to and opposes the pretrial motions filed by the defendant, Antonio Depries Arnold.

1. Motion to Suppress Statements (Doc. 22)

The defendant has moved to suppress the statements made by him on April 22, 2025. This motion should be denied as moot because the government does not intend to offer any statements made by the defendant on April 22, 2025.

2. Motion to Suppress Evidence (Doc. 23)

The defendant has filed a multi-pronged challenge to the evidence obtained in connection with the investigation. First, he challenges the ion swab evidence collected from the defendant's Nissan Altima automobile as being an impermissible search requiring probable cause.[1] Second, the defendant claims that the police impermissibly entered the

---

1. There were only two ion swabs and not three as stated by the defendant – one on February 26, 2025, and another on April 16, 2025.

curtilage of his residence to perform a "trash pull." Third, the defendant argues that the affidavits in support of several search warrants issued during the investigation were devoid of probable cause and/or tainted by inadmissible evidence.

    a.   <u>The Ion Swab Evidence</u>

The defendant argues that before a law enforcement officer can conduct a warrantless ion swab of the door handle of vehicle, the officer must have probable cause to believe that the door handle contains evidence of a crime. *See United States v. Meeks*, Crim. No. 23-349 (DWF/JFD), 2025 WL 2205901, *3 (D. Minn. Aug. 4, 2025). There are good arguments that a showing of probable cause is not required; but that will be saved for later briefing. It is a close call as to whether investigators had probable cause to swab the defendant's vehicle on February 26, 2025; however, the evidence will show that law enforcement clearly had probable cause before conducting the second swabbing on April 16, 2025. At the conclusion of the motions hearing, the government will ask the Court to file a supplemental brief concerning this issue.

    b.   <u>The "Trash Pull" Evidence</u>

The defendant argues that a law enforcement officer entered the curtilage of his property to conduct a "trash pull." The location of the trash bin is pictured below.



2

As is clear, the trash bin is in an area accessed by the public (pictured to the left of the parking garage) and not on the curtilage of the defendant's residence (pictured to the right of the parking garage). At the conclusion of the motions hearing, the government will ask the Court to file a supplemental brief concerning this issue.

    c. The Search Warrant Evidence

The defendant argues that the affidavits in support of five separate search warrants were devoid of probable cause and/or contained tainted evidence. The government intends to submit the search warrants to the Court for a four-corners review. If the Court were to find that any of the searches conducted prior to the "trash pull" on April 15, 2025, are tainted, that is not the end of the inquiry. The government will argue that the "trash pull" evidence and the ion scan evidence obtained on April 16, 2025, provided an independent basis to a finding of probable cause to support the search of the defendant's residence. Furthermore, the government will argue that even if probable cause is found wonting for any of the warrants, the evidence is admissible under the good-faith exception to the exclusionary rule.

    3. Motion for a Franks Hearing (Doc. 24)

Finally, the defendant asks the Court to grant a hearing under *Franks v. Delaware*, 438 U.S. 154, 171 (1978), concerning the affidavit in support of the GPS tracking warrant for the Nissan Ultima.[2] His burden is a heavy one.

---

2. On December 29, 2025, the defendant's counsel informed the government that he intended to withdraw his *Franks* motion regarding the AT&T search warrant.

To merit a *Franks* hearing, a defendant must demonstrate both (1) that the affiant knowingly and intentionally made false statements or material omissions or made them in reckless disregard for the truth; and (2) if the false information was excised (or the omitted information is included) the affidavit no longer establishes probable cause. *United States v. Arnold*, 725 F.3d 896 (8th Cir. 2013). "The requirement of a substantial preliminary showing is not lightly met." *Id.* (quoting *United States v. Mathison*, 157 F.3d 541, 548 (8th Cir. 2009) (internal quotations omitted)). "A mere allegation standing alone, without an offer of proof in the form of a sworn affidavit of a witness or some other reliable corroboration, is insufficient to make the difficult preliminary showing." *Id.* "When no proof is offered that an affiant deliberately lied or recklessly disregarded the truth, a *Franks* hearing is not required." *Id.* (quoting *United States v. Moore*, 129 F.3d 989, 992 (8th Cir. 1997)).

Minor errors or inconsistencies, brought to light with the benefit of hindsight and further investigation, are insufficient to meet the "very limited circumstances" in which a *Franks* hearing is appropriate. *United States v. Ozar*, 50 F.3d 1440 (8th Cir. 1995); *Arnold*, 725 F.3d at 898-99. Furthermore, in a search warrant affidavit, the government is only required to allege facts sufficient to support a finding of probable cause. *United States v. Dennis*, 625 F.2d 782, 791 (8th Cir. 1980). "A law enforcement official is not required to include everything he knows about a subject in his affidavit, whether it is material to a finding of probable cause or not." *Technical Ordnance, Inc. v. United States*, 244 F.3d 641, 649 (8th Cir. 2001).

The defendant has woefully failed to make the required showing. For starters, he has not even submitted a copy of the affidavit for the Court to review prior to the motions hearing. (The government will correct that problem by submitting a copy of the search warrant packet to chambers well before the motions hearing.). But more importantly, the defendant does not point to any specific false statement or omission in the affidavit. Rather, he simply states that the affidavit "involved misleading statements designed to confuse the magistrate into thinking that Mr. Arnold was involved in drug trafficking." This presupposes that the magistrate was misled. Apart from being pure conjecture, this claim indirectly impugns the judgment of the issuing magistrate. What the defendant is really doing is attacking probable cause. He has already done so in his motion to suppress evidence (Doc. 23). As such, the Court should consider the defendant's arguments only in the context of a four-corners review of the affidavit and not under the guise of a *Franks* hearing.

WHEREFORE, the Court should deny the defendant's motions for the reasons stated above and for such other reasons to be articulated in the government's post-hearing briefing.

Dated:   December 29, 2025            Respectfully submitted,

                                      DANIEL N. ROSEN
                                      United States Attorney

                                      s/*Thomas M. Hollenhorst*
                                      BY: THOMAS M. HOLLENHORST
                                      Assistant United States Attorney
                                      Attorney ID No. 46322